IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 22-cv-02773-RMR-MEH

YVONNE ILENNE PETERSON,

    Plaintiff,

v.

ELIZABETH O'NEAL,

    Defendant.

---

## ORDER GRANTING MOTION TO STAY

---

**Michael E. Hegarty, United States Magistrate Judge**.

    Before the Court is Defendant's Motion to Stay Discovery and Vacate Rule 16(b) Conference ("Motion to Stay"). ECF 16. The Court ordered Plaintiff to file a response brief on or before February 13, 2023. ECF 17. No such brief was filed. Regardless, the Court finds that further briefing would not materially assist in the Motion to Stay's adjudication. D.C.Colo.LCivR 7.1(d). For the reasons that follow, the Court grants the Motion to Stay.

**I.**    **Background**

    Plaintiff is a *pro se* prisoner and initiated this action by bringing a claim under 42 U.S.C. § 1983 for a violation of her rights under the Eighth and Fourteenth Amendments. ECF 1. Plaintiff primarily alleges that Defendant discriminated against her by not allowing her to "progress wards." *Id.* at 7. On January 9, 2023, Defendant filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). ECF 12. Subsequently, Defendant filed the current Motion to Stay, requesting the Court stay discovery pending the resolution of its motion to dismiss. ECF 16.

**II.     Discussion**

The decision to stay discovery rests within the sound discretion of the trial court. *Wang v. Hsu*, 919 F.2d 130, 130 (10th Cir. 1990); *see Abdulhaseeb v. Calbone*, 600 F.3d 1301, 1310 (10th Cir. 2010) ("Discovery and scheduling are matters within the district court's broad discretion.") (citation omitted). The Federal Rules of Civil Procedure do not expressly provide for a stay of proceedings; however, Rule 26(c) does permit the court, upon a showing of good cause, to "protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c). A stay of all discovery is generally disfavored in this district. *Chavez v. Young Am. Ins. Co.*, No. 06-cv-02419-PSF-BNB, 2007 WL 683973, at *2 (D. Colo. Mar. 2, 2007). However, as this Court has stated previously, "good cause may exist to stay discovery if a dispositive motion has been filed that could resolve the case and a stay does not unduly prejudice the opposing party." *Namoko v. Milgard Mfg., Inc.*, No. 06-cv-02031-WDM-MEH, 2007 WL 1063564, at *1 (D. Colo. Apr. 6, 2007).

Typically, in evaluating a request for a stay of discovery, the following five factors guide the Court's determination:

> (1) plaintiff's interests in proceeding expeditiously with the civil action and the potential prejudice to plaintiff of a delay; (2) the burden on the defendants; (3) the convenience to the court; (4) the interests of persons not parties to the civil litigation; and (5) the public interest.

*String Cheese Incident, LLC v. Stylus Shows, Inc.*, No. 02-cv-01934-LTB-PAC, 2006 WL 894955 at *2 (D. Colo. Mar. 30, 2006); *see also Hernandez v. Asset Acceptance, LLC*, 970 F. Supp. 2d 1194, 1205 (D. Colo. 2013) (weighing the factors and finding a stay appropriate in that case).

A balance of these factors favors a temporary stay in this case. With respect to the first two factors, the Court balances a plaintiff's desire to proceed expeditiously with the case against the burden on a defendant of going forward. The Court notes that the case remains at an early stage.

A brief stay to determine the pending dispositive motion, which could resolve this matter in its entirety, will not unduly prejudice Plaintiff at this point in the litigation. *See Harris v. United States*, No. 09-cv-02658-PAB-KLM, 2010 WL 1687915, at *1 (D. Colo. Apr. 27, 2010) ("Neither [the Court's] nor the parties' time is well-served by being involved in the 'struggle over the substance of the suit' when, as here, a dispositive motion is pending.") (citations omitted). Additionally, courts have recognized that a stay is warranted while the issue of jurisdiction is being resolved. *See Gilbert v. Ferry*, 401 F.3d 411, 416 (6th Cir. 2005) (affirming trial court's stay of discovery pending ruling on dispositive motions raising jurisdictional issues). Here, Defendant's motion to dismiss is based, in part, qualified immunity and requirements under that Prison Litigation Reform Act ("PLRA"). ECF 12. Thus, to the extent that Plaintiff has an interest in proceeding expeditiously, the Court finds his interest offset by Defendant's burden and the other factors considered herein.

Furthermore, the Court agrees that the interest of judicial economy would be advanced by temporarily staying discovery until the dismissal motion is decided. *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Coors*, 357 F. Supp. 2d 1277, 1280 (D. Colo. 2004) ("[T]he court has considerable discretion over the timing of discovery."). If the Court lacks jurisdiction or if there is some other legal bar to proceeding with Plaintiff's claims, resolution of those issues at this early stage potentially could spare the parties (including Plaintiff) the burdens of litigation. Consideration of the remaining factors also tips the balance in favor of staying the proceedings. The public has an interest in an efficient and just resolution of this case. Ensuring effective use of public resources best serves the public's interest.

Therefore, as the pending motion to dismiss seeks to and may resolve this matter in its entirety, the Court finds good cause exists to impose a temporary stay until final disposition of the pending motion to dismiss.

### III. Conclusion

Accordingly, for the reasons stated above, the Court **grants** the Motion [filed January 27, 2023; ECF 16]. Discovery in this case is temporarily **STAYED** pending further order of the Court. In light of this Order, the parties' scheduling conference set for February 22, 2023, at 11:00 a.m. is **VACATED**. The parties shall file a status report with the Court within *five business days* of the Court's ruling on Defendant's pending motion to dismiss indicating what, if any, additional scheduling may be needed.

Entered and dated at Denver, Colorado, this 14th day of February, 2023.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge